IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

SYLVIA E. BOLDEN                         :
                                         :
         v.                              :     CIVIL NO. CCB-12-2382
                                         :
FRANKLIN BANK, SSB, ET AL.               :

...o0o...

**MEMORANDUM**

On January 18, 2006, plaintiff Sylvia Bolden signed a promissory note and entered into a mortgage relating to property at 9393 Steeple Court in Laurel, Maryland. The original lender was Franklin Bank, SSB. On August 10, 2012, apparently in default on the loan and potentially facing foreclosure, she filed a complaint to "quiet title" against Franklin; GMAC Mortgage, LLC; Residential Funding Corp.; Mortgage Electronic Registration Systems, Inc.; Wells Fargo Bank, N.A.; and J.P. Morgan Chase Bank, N.A. All defendants other than Franklin have filed a motion to dismiss.[1]

Ms. Bolden, who is representing herself, generally alleges that her loan has been "securitized," that therefore in some way her debt has been discharged, and that the defendants have no "standing" to enforce the note.[2] She proffers no facts or law to support her claim, even considering the various documents filed on November 14, 2012. Defense counsel, in possession of the original note, demonstrates that the note was indorsed by Franklin to Residential Funding and then to J.P. Morgan Chase. (ECF No. 4-2, Motion to Dismiss, Ex. B). As the debt has not been discharged, Ms. Bolden has no basis to ask for a declaration or order stating that she has unencumbered title to the property. For the reasons explained by both Judge Nickerson and Chief Judge Chasanow of this court addressing similar claims, Ms. Bolden cannot prevail. *See*

---

[1] It is not clear whether Franklin has been properly served with the complaint.
[2] A fuller description of a very similar complaint is contained in the opinion of Judge Nickerson dismissing a claim by a different plaintiff. *See Blum v. Fremont Inv. & Loan*, 2012 WL 2137962 (D. Md. June 12, 2012).

1

*Blum*, 2012 WL 2137962 at *3; *Suss v. J.P. Morgan Chase Bank*, 2010 WL 2733097, at *6 (D. Md. July 9, 2010); *Flores v. Deutsche Bank,* 2010 WL 2719849, at *5 (D. Md. July 7, 2010); *Suss v. J.P. Morgan Chase Bank*, 2009 WL 2923122, at *4 (D. Md. Sept. 10, 2009).

Ms. Bolden's claims against all defendants other than Franklin and J.P. Morgan Chase will be dismissed by separate Order. As to Franklin, she is put on notice that the claim may be dismissed by the court unless good cause is shown to the contrary within 14 days. As to J.P. Morgan Chase, the undersigned has a conflict requiring recusal, and therefore will ask the Clerk to randomly reassign the case after a determination is made regarding Franklin.

A separate Order follows.


January 8, 2013                                                    /s/
        Date                                        Catherine C. Blake
                                                    United States District Judge